CASE 57—PETITION EQUITY—OCTOBER 14, 1874.

## Franklin v. Becker and Wife.

APPEAL FROM FLEMING CIRCUIT COURT.

A CERTIFICATE OF THE ACKNOWLEDGMENT OF A DEED BEFORE A DEP-
UTY CLERK which does not set forth the facts, including the indorse-
ment made by the deputy, is not binding on a *feme covert*.

WM. S. BOTTS, . . . . . . . . . . . For Appellant,

CITED

Revised Statutes, chap. 24.     1 Stanton, 285.
1 Mar. 306, Bank of Kentucky v. Haggin.
8 B. Mon. 181, Gill, Simpson, &c. v. Fauntleroy's heirs.
4 Met. 352, Phillips v. Clark.

E. C. PHISTER, }
W. H. CORD,   }  . . . . . . . . . . For Appellees,

CITED

Act of March 9, 1854.     1 Stanton, 285.
Revised Statutes, chap. 24, sec. 22.
1 Met. 472.               5 J. J. M. 328 and 533.
1 Story's Equity, secs. 96, 169, 177.
7 B. Mon. 162, Pearce's heirs v. Patton.

5 J. J. M. 135, Tomlin v. McChord's reps.
6 J. J. M. 533, Barnett v. Shackleford.
1 Pet. 328, Elliott v. Piersoll.
17 B. Mon. 542.                    1 Story's Rep. 487.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

The certificate of the clerk as to the acknowledgment of the mortgage is not sufficient to bind the female appellee.

The indorsement on the back of the instrument is that it was "acknowledged by H. M. L. Becker and wife, April 15, 1870. [Signed] S. BOTTS, D. C."

The certificate of the principal clerk is that the mortgage "was on the 15th day of April, 1870, produced to Seth Botts, deputy clerk for me, and acknowledged by said Becker and wife to be their act and deed, and is, together with this certificate, duly recorded in my office."

The act of March 9, 1854 (1 Stanton's Revised Statutes, page 285), provides that where the deputy "shall take the acknowledgment of a deed or other instrument of writing and indorse a memorandum thereof on such deed or instrument of writing, but shall fail from any cause to write out and sign the certificate thereof, it shall be lawful for the clerk to write out and sign the certificate, setting forth in such certificate the facts, including the indorsement, and thereupon record such deed or instrument and certificate, and thereupon the deed or instrument and the certificate shall be as good and effectual as if certified and signed by said deputy."

The objection to the certificate in this case is that while it states the fact that Mrs. Becker acknowledged the deed before the deputy it does not include "the indorsement" nor state that an indorsement of the fact of the acknowledgment was made by the deputy.

The defect is a substantial one. The clerk, by the act, is empowered to certify to an acknowledgment not made before him, and to make his certificate "good and effectual" he must

conform to its provisions. Certainly no latitude should be allowed where the rights of a *feme covert* are involved, and when the object of the suit founded upon the deed is. to divest her of the homestead exemption.

Wherefore the judgment is affirmed.