JUDGE ELLIOTT
delivered the opinion op the court.
On tbe 24th of September, 1866, William Woods conveyed to his daughter Angelina, the wife of appellant, four tracts of land lying in Garrard County, one of which, called the Wyley tract, of one hundred and thirty-one acres, is the land in dispute in this action. On the 5th day of February, 1867, appellant and his wife Angelina, conveyed the same tract of land to G. A. Lackey, and on the 6th of February, 1867, *80 Lackey conveyed the same land to appellant John C. McCormack, and on the same day appellant conveyed all but thirty-six and one fourth acres thereof to his daughter Susan McCormack.
On or about the 1st of May, 1867, Mrs, Angelina McCormack departed this life, leaving as her only child and heir-at-law her daughter Susan, and on the 1st of October, 1871, Susan, the daughter, died in infancy and unmarried, and on the 15th of July, 1875, this suit was brought by C. D. and Horace Woods, who claim that on the death of Susan McCormack the land descended to them and Dwight Woods as her heirs-at-law.
C. D. Woods is the son of William Woods, who conveyed the land in dispute to. his daughter, Angelina McCormack. Horace and Dwight Woods are his grandchildren, and the three are the only heirs-at-law of William Woods, who died in 18 — .
The plaintiffs contend that the deed from appellant and wife to G. A. Lackey did not pass the title of Mrs. McCormack, because she failed to acknowledge the same before the clerk of the Garrard County Court, as required by law, and even if her acknowledgment was sufficient it was not recorded with the deed, and therefore no title passed from her to Lackey. The deed from appellant and wife is regular on its face, and signed by them with the following indorsement, on the back of it:
“ 1867, February 5th. Signed and acknowledged by John C. McCormack and Angie McCormack his wife, and right of inheritance relinquished by her.
“ W. H. Whekrett, Glerh,
“By E. D. Kennedy, Deputy.”
This indorsement was not recorded with the deed. The certificate that was recorded with the deed is the following:
*81 “State oe Kentucky, Garrard County, Sot:
I, "W. H. Wherrett, Clerk of the Garrard County Court, do certify that the foregoing deed from John C. McCormack and wife to G. A. Lackey was this day filed in my office for record, and the same being stamped as the law requires, is, with this certificate thereon indorsed and this certificate, duly recorded September 27, 1867.
“W. H. Wherrett, Cleric G. C. C.
“ By Miller, I). C.”
The certificate, showing that the deed had been acknowledged before Kennedy the deputy clerk, was neither copied into the clerk’s certificate when the deed was recorded, or put to record at all, and- it is insisted for appellees that, even if the deed was acknowledged before the deputy clerk, and he indorsed the same on the deed, the title did not pass to Lackey, because the acknowledgment so indorsed was not copied as a part of the clerk’s certificate and recorded with it when the deed was put to record.
On the part of appellant it is contended that as the omission to copy and record the acknowledgment, indorsed on the deed from appellant and wife to Lackey, was a mere oversight of the clerk, the same can be supplied by parol evidence, and ■therefore whether this omission prevented the title from passing to Lackey is the important question presented for our consideration.
By subsection 1 of section 22 of chapter 24 of the Revised Statutes, all that is required, where the deed is acknowledged’ before the proper officer of this state by husband and wife, is a certificate of the officer that it had been acknowledged "before him, and this certificate is made evidence that the married woman had been examined separate and apart from her husband, and that after its contents had been explained to her she had voluntarily acknowledged the instrument and con *82 sented that it should be recorded; and section 23 of the same chapter provides that “ the clerk of each county court shall record all instruments of writing embraced in any section of this chapter, which shall be lodged for record properly certified, or which shall be acknowledged or proved before him as required by law. He shall also record the certificates indorsed on the same, and shall certify the time when the instrument was lodged in his office for record.”
“ If acknowledged or proved before him, he shall also certify the time of doing the same.and by whom proved, and that the instruments and certificates thereon have been duly recorded in his office,” and by an act entitled “An Act to authorize clerks ■ of county courts to certify and record deeds in certain cases,” approved 9th of March, 1854, it is provided “that where the deputy of any county court clerk shall take the acknowledgment of a deed or instrument of writing and indorse a memorandum thereof on such deed or instrument of writing, but shall fail from any cause to write out and sign the certificate thereof, it shall be lawful for the clerk to write out and sign the certificate, setting forth in such certificate the facts including the indorsement, and thereupon record such deed or instrument and certificate, and thereupon the deed or instrument and the certificate shall be as good and effectual as if certified and signed by such deputy.”
The acknowledgment of the feme covert of the deed in dispute was made before the deputy clerk and indorsed by him on the deed, but was not recorded with the deed in the clerk’s office of the Garrard County Court, nor was the indorsement included in the clerk’s certificate that was recorded with the deed, and therefore, according to repeated decisions of this court, there is no sufficient evidence in this record that the deed from appellant and Angelina, his wife, was ever acknowledged before either the clerk of the Garrard County Court or his deputy, as required by law. The certificate of the clerk, *83 which was recorded with the deed, only certifies that the deed from appellant and wife to Lackey had been filed in the clerk’s office for record, “and the same being stamped as the law requires, is, with this certificate thereon indorsed and this certificate, duly recorded,” and even if the words “ this certificate ” should read “the certificate,” still we are bound to presume that the certificate referred to as indorsed on the deed is similar to the one recorded by the clerk, because he certifies that “ this certificate thereon indorsed and this certificate ” are duly recorded.
No certificate of the clerk of the Garrard County Court was recorded with the deed from appellant and wife to Lackey, evidencing the fact that the deed had ever been acknowledged by either of the vendors.
The act of 1848 required the certificate of the acknowledgment by the feme covert to be recorded with the deed, and this court, in Barnett v. Shackleford, 6 J. J. Mar. 532, decided that a deed executed by a feme covert, purporting to convey her estate in lands, “ unless it be done in accordance with the mode prescribed by statute, or in pursuance of a decree or judgment of a court of competent jurisdiction, is void. Whether a deed has been properly executed by a feme covert, so as to pass her title, must be proved by the record when compared with the requirements of the statutes, because it is a matter of record, and that only which the law has made effectual to pass her title. Now in this case the bill asks us to set aside the record as it exists, and upon an allegation of ignorance, mistake, or fraud to make up a record against the will of the feme, by which she shall be deprived of her land,” and in that ease this court decided that although the feme had actually relinquished her fee-simple estate in the land conveyed, the clerk’s certificate, which only shows a relinquishment of dower, must stand, and can not be corrected by parol evidence. In that decision this language is used: “Parol *84 evidence is not sufficient; it can only be proved by the record. . . . and thus the guarded provisions of our statutes might be substituted by a new branch of equity jurisdiction.”
In that case this court quotes with approbation the suit of Elliott, &c. v. the Lessee of Peirsol, &c., 1 Peters, 328.
In Elliott, &c. v. Peirsol, &c. the court decided that the indorsement, made on the deed, of the acknowledgment of Sarah G. Elliott, wife of Benjamin Elliott, before the clerk of the Woodford County Court, Ky., was insufficient to pass the title, and an attempt was made to cure the defect by parol evidence before the Woodford County Court in 1813 and have the certificate corrected, which was done. But the Supreme Court of the United States decided that the attempted amendment and correction of the clerk’s certificate were null and void for want of jurisdiction in the Woodford County Court to make them. In that opinion it is stated that what the “ law requires to be done and appear of record can only be done and made to appear by the record itself, or an exemplification of the record. It is the fact of recording, and not of acknowledgment, that makes the deed effectual.”
In Franklin v. Becker and wife, 11 Bush, 595, the indorsement on the deed of Becker and wife was:
“Acknowledged by H. M. L. Becker and wife April 15, 1870. Signed, S. Botts, D. G.”
And the certificate recorded with the deed stated that the deed had been acknowledged before S. Botts the deputy, but the acknowledgment, taken by the deputy and indorsed on the deed, was not copied and recorded with the clerk’s certificate, and this court decided that the defect was fatal, and that the title to the homestead did not pass by the deed.
We are of opinion therefore that the deed from appellant and wife to Lackey passed no title, and that on her death the land descended to her daughter, subject to appellant’s life-estate as tenant by the curtesy, and that on the daughter’s *85 death it descended to the appellees C. D., Horace, and Dwight Woods; but we are of opinion that the appellant, by merely insisting that the conveyances relied on by him in this case vested in him a fee-simple title, has not forfeited his life-estate in the land in dispute, but as he set up an absolute claim to the land we are of opinion that the suit by the appellees to settle the title is ‘sustained by authority, and especially by this court in Simmons v. McKay, 5 Bush, 32.
Wherefore the judgment is affirmed on the original and cross-appeals.