Gordon, &c., v. Leech, &c.

4r 229
87 514

CASE 35—EQUITY—JUNE 7, 1883.

# Gordon, &c., v. Leech, &c.

APPEAL FROM CALDWELL CIRCUIT COURT.

1. The certificate of the clerk states "and with my foregoing (by my deputy clerk) and this certificate have been duly recorded in my office as ordered." It reasonably imports that the mortgage was properly acknowledged, and that both the mortgage and indorsement of the deputy clerk had been recorded.
2. When the certificate is signed as this is, no presumption can reasonably arise that it was acknowledged before any other than the officer signing it.
3. The statute is intended to protect married women from imposition by reason of the marital relation. When that is accomplished, the law and its reason are satisfied.

LAFFOON & GORDON AND WM. LINDSAY FOR APPELLANTS.

1. The certificate of the clerk as to the acknowledgment of the mortgage is not sufficient. It does not state that it was acknowledged before his deputy.
2. It does not include the indorsement made by his deputy. (Sec. 13, art. 13, ch. 38, Gen. Stat.; sec. 22, ch. 24, Rev. Stat., p. 282; Gen. Stat., sec. 21, ch. 24; 1st vol. Rev. Stat., 285; secs. 38 and 39, ch. 24, Gen. Stat.; Franklin v. Beeker, 11 Bush, 596.)

F. W. DARBY AND A. DUVALL FOR APPELLEES.

Even if the certificate is an indorsement in the meaning of the act of 1854, still the recording of the certificate immediately after the deed, and following it with the certificate of the clerk, is a substantial compliance with the act. It embraces all that is essential. (Barrett v. Shackleford, 6 J. J. Mar., 532; Gen. Stat., ch. 24, secs. 21 and 23; Franklin v. Beeker, 11 Bush, 595; McCormack v. Woods, 14 Bush,

79; 8 Wall., 513; 14 Texas, 293; Hilliard on Real Estate, 675; Hughes v. McKinney, 5 Mon., 41; Mantz v. Bailey, 3 Dana, 111; Bank v. Portman, 9 *Ib.*, 112; Gregory v. Ford, 5 B. Mon., 481; 3 Bush, 573.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellants, husband and wife, executed a mortgage to secure the payment of a certain amount of money loaned to the husband. The mortgage purports to convey both the homestead and dower interest of the wife, but appellants insist that the clerk's certificate is so defective as to render the mortgage inoperative as to the wife and to leave her a homestead. The court below subjected the whole of the property to the payment of the mortgage debt, and the only question on the appeal is: Did the conveyance divest the wife of her homestead right?

· Indorsed upon the back of the mortgage is the following:

"1875, September 22.

"Acknowledged by W. L. Gordon and Cordelia A. Gordon, his wife, to be their act and deed as the law directs.

"C. W. CRABTREE, *Cl'k.*

"By ERNEST SPEED, *D. C.*"

After the body of the mortgage is the following certificate:

"KENTUCKY,
"HOPKINS COUNTY. } *Sct.*

"I, C. W. Crabtree, clerk of the Hopkins county court, do certify that the foregoing mortgage from W. L. Gordon and Cordelia A. Gordon, his wife, to Mrs. Helen L. Shelby was this day produced to me in my office, and with my foregoing (by Ernest Speed my deputy clerk) and this certificate have been duly recorded in my office as ordered.

"Witness my hand this September 22, 1875.

"C. W. CRABTREE, *Cl'k.*"

Gordon, &c., v. Leech, &c.

Section 38, chapter 24, of General Statutes, reads:

"If the deputy of any county clerk shall take the acknowledgment of a deed or other instrument of writing, and indorse a memorandum thereof on such deed or instrument of writing, but shall fail, for any cause, to write out and sign the certificate thereof, it shall be lawful for the clerk to write out and sign the certificate, setting forth in such certificate the facts, including the indorsement, and thereupon record such deed or instrument and certificate, and the deed or instrument and the certificate shall be as good and effectual as if certified and signed by such deputy."

Subsection 1 of section 21 of chapter 24 is as follows:

"When the acknowledgment," speaking of the deeds of married women, "shall be taken by an officer of this state, he shall simply certify that it was acknowledged before him, and when it was done, which shall be evidence that she had been examined separately and apart from her husband, and the contents explained to her, and that she had voluntarily acknowledged the instrument, and consented that it should be recorded."

There are two reasons why we think the ruling of the court below is correct:

*First.* The certificate of the clerk is sufficient if the indorsement by the deputy be considered a "memorandum" under section 38, quoted.

*Second.* It is immaterial whether the certificate of the clerk is sufficient if the indorsement of the deputy be considered a "memorandum," since we are of the opinion that the indorsement by the deputy is in itself a certificate in substantial compliance with subsection 1 of section 21, quoted.

Upon the first point: The certificate of the clerk states that, "and with my foregoing," evidently meaning certificate "(by Ernest Speed, my deputy clerk), and this certificate have been duly recorded in my office as ordered." This reasonably imports that the mortgage was properly acknowledged by the parties before the deputy clerk; that he entered a certificate or memorandum of that fact, and that both the mortgage and indorsement of the deputy clerk had been recorded. But appellants say the certificate is not good under authority of Franklin v. Becker and wife, 11 Bush, 596. That case is not analogous, because there is no intimation in the certificate of the clerk that the deputy clerk made any memorandum of the acknowledgment, and the certificate of the clerk does not state that any memorandum of the deputy clerk was recorded; but, on the contrary, negatives that idea by stating that the mortgage and the clerk's certificate were recorded. The failure to record the memorandum of the deputy (if any) was in itself enough to invalidate the mortgage. It is solely upon the ground that the memorandum of the deputy was not recorded that the conveyance was held invalid as to the *feme covert* in McCormack v. Woods, 14 Bush.

As to the second point: If the indorsement by the deputy is a certificate such as is contemplated by subsection 1 of section 24, he having the unquestioned power to make it, it is immaterial that the certificate of the clerk does not, as contended, meet the requirements of section 38 as to certifying "memorandas" made by deputies. Section 21 requires only that the certificate shall state that the instrument "was acknowledged before him, and when it was done." Privy examination, explanation of contents of the writing, voluntary acknowledgment, and consent to record,

are all presumed from such a certificate. The only thing lacking in this certificate is ''before me'' after the word ''acknowledged.'' But certainly, when the certificate is signed as this, no presumption could arise that it was acknowledged before any one else than the officer signing it. When a statute provides the manner in which a *feme covert* may divest herself of title, the statute must be followed substantially in its spirit, not technically, not literally, when such technicality or literality defeats the spirit of the statute. Such statutes are intended to protect the *feme* from imposition by reason of the marital relation, and when that is accomplished by a substantial compliance with the statute, both the law and good morals are satisfied. It is right, both in law and in morals, to insist, in ordinary cases, upon one's legal rights; but the courts will not be so diligent to find a technicality to support a naked legal right as they will an equitable one recognizable in a court of conscience. Here there is no equity in appellant's claim.

The consideration for the conveyance has been received and enjoyed; there is no indication of fraud or overreaching, and the judgment is affirmed.