Woods v. James, &c.

87  511
90  278

87  511
108  234

87  511
e123  675

87  511
e125  183

CASE 79—PETITION EQUITY—NOVEMBER 1.

## Woods v. James, &c.

APPEAL FROM MERCER CIRCUIT COURT.

1. DEEDS OF MARRIED WOMEN—CERTIFICATE.—When the deed of a married woman is acknowledged before a deputy clerk, and the memorandum of the deputy sets forth the fact that the deed was acknowledged by the *feme covert*, and when, and is signed by the deputy, thus amounting in fact to a certificate of acknowledgment, it is not necessary that the clerk, if he certifies the deed, should incorporate in his certificate the deputy's indorsement in order to make the deed valid. Nor is it necessary that the deputy's indorsement, in order to amount to a certificate, should state that the deed was acknowledged " before me," as that will be presumed; or that it was acknowledged by the *feme covert* "as her act and deed," as the mere statement of the acknowledgment by her conclusively shows that fact.

The indorsement held to be sufficient to amount to a certificate in this case is as follows: "Acknowledged by Willia C. Woods, this May 5, 1873.    J. H. LAPSLEY, *D. C. M. C. C.*"

2. LIMITATION—FRAUD.—Where an action for relief on the ground of fraud is sought to be maintained after the expiration of five years from the commission of the fraud, the plaintiff must allege, and prove, if denied, not only that he did not discover the fraud until within five years before the commencement of the action, but that he could not, by ordinary diligence, have discovered it until within that time.

As this action to set aside a deed as fraudulent was brought more than five years after the deed was executed, and the only allegation or proof by the plaintiffs as to the discovery of the fraud is, that " said fraud has been discovered by them within the last five years," the action is barred by limitation.

POSTON & JACOBS, C. H. HARDIN & SON, and BEN. LEE HARDIN for appellant.

1. It is not necessary to the validity of a conveyance that the memorandum of acknowledgment by a married woman before a deputy clerk be embraced in the certificate of the clerk. (Amendment of May 10, 1884, to section 38, chapter 24, of General Statutes.)

2. An action for relief for fraud or mistake must be brought within ten years after the perpetration of the fraud. (General Statutes, chapter 71, article 6, section 3.)

WM. LINDSAY and T. C. BELL for appellee.

When a deed is acknowledged by a married woman before a deputy clerk, and he indorses that acknowledgment on the deed, it must be embraced in the clerk's certificate to make a valid conveyance. (General Statutes, chapter 24, section 38; McCormick v. Boyd, 14 Bush, 78.)

JUDGE BENNETT delivered the opinion of the court.

Geo. Woods, son of the appellant, and his wife, in May, 1873, conveyed to the appellant, by deed, two small tracts of land belonging to the wife. The wife having died in 1874 without issue, and leaving, as her next of kin, her two half sisters, the appellees, Miss Sallie Coleman and Mrs. Fanny R. James (formerly Coleman), wife of the appellee, Addison James, they, in January, 1884, brought this action against the appellant for the purpose of setting said conveyance aside, upon the grounds, first, that the deed of conveyance was void; and, therefore, passed no title to the appellant; second, that the appellant and Geo. Woods, the husband, induced the wife to join in said conveyance by fraud. The chancellor, upon the hearing, set the deed aside, and awarded the two tracts of land to the appellees, Miss Coleman and Mrs. James. The appellant has appealed from that judgment.

There are but two questions necessary to consider in this case: First, is the deed void. Second, is not the appellees' action barred by the statute of five years' limitation.

First. It is contended by the appellees that the deed is void, because the clerk's certificate thereto was not made in accordance with the requirement of the act of March the 9th, 1854, which reads as follows: "That where the deputy of any county court clerk shall take the acknowledgment of a deed or other instrument of writing, and indorse a memorandum thereof on such deed or instrument of writing, but shall fail from any cause to write out and sign a certificate thereof, it shall be lawful for the clerk to write out and sign the certificate, setting forth in such certificate the facts, including the indorsement, and thereupon record such deed or instrument and certificate, and thereupon the deed or instrument and the certificate shall be as good and effectual as if certified and signed by such deputy."

Subsection 1 of section 22, chapter 24, of volume 1 of Stanton's Revised Statutes, which were in force at the time the deed was made and acknowledged, provided: "Where the acknowledgment," meaning that of a married woman, "shall be taken by an officer of this State, he shall simply certify that it was acknowledged before him and when it was done, which shall be evidence," etc.

It is contended that the failure of the clerk to copy into his certificate the indorsement of his deputy, who took the acknowledgment of Mrs. Woods, renders the deed void as to Mrs. Woods.

The deputy's indorsement on the deed is as follows:
"Acknowledged by Willia C. Woods, this May 5th,
1873. J. H. LAPSLEY, *D. C. M. C. C.*"

The clerk's certificate is as follows:

"MERCER COUNTY, *sct.*, May 5th, 1873.

"This deed was presented to James H. Lapsley, a
deputy clerk of the Mercer County Court, on the
fifth day of May, 1873, and regularly acknowledged
by Willia C. Woods, wife of George Woods, party
thereto, to be her act and deed." Then follows the
acknowledgment of George Woods. "Wherefore, I
have recorded the same. BEN. C. ALLEN, *Clerk.*"

Section 38, chapter 24 of the General Statutes, and
subsection 1, of section 21 of said chapter, are similar
to the act of the ninth day of March, 1854, and sub-
section 1, of section 22, chapter 24, of the Revised
Statutes.

Said statutes being similar, a construction given to
the former by this court applies equally to the latter.

In the case of Gordon, &c., v. Leech, &c., 81 Ky., 229,
the deputy's indorsement on the deed was as follows:

"Acknowledged by W. L. Gordon and Cordelia
Gordon, his wife, to be their act and deed, as the law
directs, September 22d, 1875.

"C. W. CRABTREE, *Clerk.*

"by ERNEST SPEED, *D. C.*"

It was urged in that case, as in this, that the clerk
did not set forth the indorsement of the deputy in
his certificate, and the deed was, therefore, void as
to the married woman. But this court held that it
was immaterial whether the certificate of the clerk

was sufficient, if the indorsement of the deputy was considered a "memorandum;" since the indorsement by the deputy was, in itself, a certificate "in substantial compliance with subsection 1 of section 21, quoted."

The court proceeds to say: "If the indorsement by the deputy is a certificate, such as is contemplated by subsection 1 of section 21, he having the unquestioned power to make it, it is immaterial that the certificate of the clerk does not, as contended, meet the requirements of section 38 as to certifying "memorandums" made by deputies. Section 21 requires only that the certificate shall state that the instrument 'was acknowledged before him, and when it was done.' Privy examination, explanation of contents of the writing, voluntary acknowledgment, and consent to record, are all presumed from such a certificate. The only thing lacking in this certificate is 'before me,' after the word 'acknowledged.' But certainly, when the certificate is signed as this, no presumption could arise that it was acknowledged before any one else than the officer signing it. When a statute provides the manner in which a *feme covert* may divest herself of title, the statute must be followed substantially in the spirit—not technically—not literally—when such technicality or literality defeats the spirit of the statute. Such statutes are intended to protect the *feme* from imposition by reason of the marital relation, and when that is accomplished by a substantial compliance with the statute, both the law and good morals are satisfied."

By the act of the ninth of March, 1854, the clerk,

where his deputy has taken the acknowledgment of a *feme covert* and indorsed "a memorandum thereof on such deed," but shall fail, for any cause, to write out and sign the certificate thereof, may "write out and sign the certificate, setting forth in the certificate the facts, including the indorsement," which shall have the same effect as "if certified and signed by such deputy."

According to the reasoning of the case quoted from, the clerk is authorized to write out and sign the certificate, and copy thereon the deputy's indorsement, only in the event that the deputy, having taken the acknowledgment and indorsed a memorandum thereof, has failed to write out and sign a certificate of such acknowledgment. If, however, the memorandum indorsed and signed by the deputy amounts in fact to a certificate of acknowledgment—that is to say, if the memorandum sets forth the fact that the deed was acknowledged by the *feme covert*, and when, and is signed by the deputy taking the acknowledgment—then the certificate of the clerk, setting forth the indorsement, is unnecessary. The said act has reference to such memoranda indorsed by the deputy as do not amount to a certificate; but which are sufficient to enable the clerk to know that the acknowledgment was taken, and to authorize him to certify the fact. But, as before said, if the memorandum indorsed and signed by the deputy shows that the acknowledgment was made, and when, which is all that the statute requires, then he has made and signed the certificate mentioned in said act; and all that the clerk need do is to certify, as was done in this case, for the purpose of authenticating the recording of the deed.

The memorandum, which was signed by the deputy clerk, in this case, as in the case *supra*, shows that the acknowledgment was made, and by whom and when.    It is true, that the memorandum does not read "acknowledged before *me*," the word "me" not appearing in the memorandum, nor does the word "me" appear in the memorandum quoted in the case *supra*.    But the court held in that case that the memorandum having been signed by the deputy, "no presumption could arise that it was acknowledged before any one else than the officer signing it."    Also in the memorandum in this case, the words "act and deed" are omitted, but the language of the memorandum conclusively shows that the deed was acknowledged as the act and deed of Mrs. Woods.

According to said case, the conclusion must be in this case that the memorandum indorsed and signed by the clerk is such a certificate as comes up to the requirements of the statute, and that the deed is not void.

We also conclude that, in the case of Franklin v. Becker and Wife, 11 Bush, 595, the fact was overlooked that the deputy's memorandum was such a certificate as complied with the requirements of the statute.

Second. Does the statute of five years' limitation bar the action in reference to setting the deed aside upon the ground of fraud ?

The action was instituted within a month or two of ten years after the deed was made.    Section 2, article 3, chapter 71, General Statutes, provides that an action for relief, on the ground of fraud or mistake, must be

commenced within five years next after the cause of action accrued. Section 6 of the same article provides, that such actions shall not be deemed to have accrued until the discovery of the fraud or mistake, etc.

If the plaintiff has let the five years in which he has the absolute right to bring his action pass, and undertakes to bring and maintain it afterwards, upon the ground that he has discovered the fraud within five years last past, he must allege and prove, if denied, not only that he discovered the fraud within the last five years, but that he could not, with the use of ordinary diligence, have discovered the fraud until within the five years before the action was commenced. (See Cotton v. Brown, 9 Ky. Law Reporter, 115; Fritschler v. Koehler, 83 Ky., 78; Zackay's Administrator v. Hicks, 7 Ky. Law Reporter, 756.)

The appellees' allegations are: "They aver that said fraud has been discovered by them within the last five years," etc.

The foregoing being the only allegations as to the discovery of the fraud, they are defective, because it is not alleged that the appellees, by the use of ordinary diligence, could not have discovered the fraud within five years from the making said deed.

The only evidence in reference to the discovery of the fraud is that given by the appellees, Mrs. James and Miss Coleman, who state that they discovered the fraud within five years next before bringing their action. They state no fact or circumstance indicating that they could not, by the use of ordinary diligence, have discovered the fraud within five years

from the making of the deed. Therefore, the proof was not sufficient to sustain the action.

The judgment of the lower court is reversed, with directions to dismiss the appellees' action.

| 87 | 519 |
| 96 | 276 |

| 87 | 519 |
| 116 | 658 |

| 87 | 519 |
| 116 | 658 |

| 87 | 519 |
| 113 | 522 |

| 87 | 519 |
| f131 | 836 |

CASE 80—PETITION EQUITY—NOVEMBER 17.