KANSAS CITY, SPRINGFIELD & MEMPHIS RAILROAD COMPANY V. OYLER.

1. BILL OF EXCEPTIONS: *Certificate of judge.*

  Pursuant to an order of the court made during the term at which a cause was tried, a bill of exceptions taken therein by the defendant was presented to the court at the next term, and the judge's certificate thereto

after referring to the order proceeds as follows: "No counsel appearing for the plaintiff, I am unable to remember the testimony as given upon the hearing, but I have no reason to doubt it is correctly set forth in the foregoing bill of exceptions. Therefore, the said bill of exceptions is now by me signed and made part of the record in this cause with this explanation." *Held:* That since the judge was unwilling to accept the bill as true and did not sign it for the purpose of evidencing the fact of its correctness, it was not sufficient to bring the defendant's exceptions upon the record.

2. SAME: *Allowing time to prepare.*

The practice of allowing time in which to prepare a bill of exceptions is provided for by the statute, Mansf. Dig., sec. 5157, to prevent delay or a failure of justice and is intended to apply only to cases of necessity.

APPEAL from *Sharp* Circuit Court.

R. H. POWELL, Judge.

*C. H. Trimble* and *Newman Erb*, for appellants.

The bill of exceptions was properly prepared, presented, signed and made a part of the record.

Argue on the merits.

*S. H. Davidson* and *J. B. McCaleb*, for appellees.

The record in this cause is not truly, properly and legally presented to this court. Unless it is shown by the bill of exceptions, in some way, that the grounds of objection are true, they cannot be made a part of the record in a cause in this court. Mansf. Dig., sec. 5160.

The certificate of the judge should have been without qualification, and should have stated that the exceptions to the testimony, rulings, etc., were saved, and that it contains all the evidence. Mansf. Dig., sec. 5160; 33 Ark., 569; 37 Ark., 370; 38 Ark., 284.

If the judge does not remember the testimony, he should refuse to sign, and the parties should pursue the method pointed out by statute.

Argue upon the merits.

COCKRILL, C. J.

The question raised by the appellees on the threshold of this appeal, goes to the validity of the bill of exceptions. The certificate of the circuit judge, who tried the cause, to the bill of exceptions is as follows: "The foregoing bill of exceptions is presented to me this first day of the April term of the circuit court of Sharp county by counsel for defendant as prepared by him, pursuant to an order of court entered of record herein at the last term of this court. No counsel appearing for the plaintiffs, I am unable to remember the testimony as given upon the hearing, but I have no reason to doubt it is correctly set forth in the foregoing bill of exceptions. Therefore, the said bill of exceptions is now by me signed and made part of the record in this cause with this explanation."

1. BILL OF EXCEP-TIONS: Certificate of judge. The object of the statute in requiring the circuit judge to sign a bill of exceptions is to furnish a certain test of its accuracy. When he allows the bill and affixes his signature to it as a witness of the fact, we take its contents as conclusive evidence of those proceedings which do not otherwise appear of record. If the bill of exceptions is not allowed by the judge and not otherwise proved as the statute permits, the benefit of the exceptions that are required to be preserved in that way, is lost. Now the only questions that can be seriously urged for a reversal of the judgment in this cause arise upon the evidence. But the circuit judge refuses to certify that the transcript contains all or indeed any of the evidence that was heard by the jury. The circumstance that he has no reason to doubt that the bill as prepared by the attorney for the appellant, is correct, goes only to show his confidence in the attorney's probity; but as he was unwilling to accept the bill as a true narrative of the proceedings and sign it for the purpose of evidencing that fact, it did not

serve the office of bringing the exceptions upon the record.

The appellant's condition comes of the unfortunate prac- 2. SAME.
Allowing
tice of postponing the presentation of a bill of exceptions to time to pre-
pare.
a time remote from the trial.   The statute permits it, to pre-
vent delay or a failure of justice, but it is intended to be
applied only in cases of necessity.   *Carroll v. Pryor*, 38
Ark., 283.   It was to prevent such a contingency as is now
presented that the exceptions were formerly required to be
reduced to writing, signed and made a part of the record at
the trial.   In *Wright v. Sharp*, Salk., 288, Holt, C. J., pre-
dicted just the result we have here:   "If this practice should
prevail," said he, "the judge would be in a strange condi-'
tion; he forgets the exception and refuses to sign the bill,
so an action must be brought."   But since the practice does
prevail, "it is to be presumed," as was said by the Supreme
Court of Kentucky, "that an application for an extension
must be shown to be absolutely indispensable before the
judge will grant it, and, therefore, that such a case will sel-
dom occur."   *Meux v. Meux*, 79 Ky., 477.   But the ap-
pellant asked and obtained the extension, and when the court
refused to attest the accuracy of the bill, took no other step
to bring the matters now complained of upon the record.

The judgment is affirmed.