## Robertson v. Jefferson County.

(Decided November 11, 1924.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Witnesses—Testimony of Contractor as to What Occurred Between Him and County Engineer, Since Deceased, Inadmissible.— In action by county against contractor to recover overpayment, testimony of contractor as to what occurred between him and county engineer, since deceased, properly held inadmissible.

2. Payment—Money Paid Under Palpable Mistake of Law or Fact May be Recovered.—Whenever, by clear or palpable mistake of law or fact essentially bearing upon and affecting contract, money has been paid without consideration, which in law, honor, or good conscience was not due and payable, and which in honor or good conscience ought not to be retained, it may be recovered.

3. Limitation of Actions—Statute Computed from Time Mistake Occurred, where Pleadings do Not Indicate when Discovery was Made.—Five-year statute will be computed against action to recover overpayment made by mistake from time mistake occurred, where there is no replication indicating time mistake was discovered.

4. Limitation of Actions—When Warrant Issued by County by Mistake, Statute Starts Running when Warrant is Isued and Not at its Payment.—General rule is that cause of action to recover money paid by mistake arises at time of payment, but this rule

does not apply where county by mistake issues warrant for more than is due, and pays it at later date, in which case statute starts to run at time settlement is made and warrant issued

5.   Cancellation of Instruments—Suit will Lie to Cancel County Warrant.—Suit will lie to cancel a county warrant.

6.   Election of Remedies—County, having Given Warrant for More than Due, could Either Sue to Cancel Warrant or Wait and Set Up Mistake as Defense.—Where county made mistake and gave warrant for more than was due, it could elect to either bring action for cancellation of warrant or wait and set up mistake as defense against warrant.

HARDIN H. HERR, LAWRENCE S. GRAUMAN and MORRIS & JONES for appellant.

J. MATT CHILTON and JOHN S. BASKIN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In the year 1913, acting under the authority of the fiscal court of Jefferson county, J. Russell Gaines, as road engineer for that county, entered into a contract with Samuel L. Robertson to reconstruct and make certain repairs on the Harrod's creek bridge in that county. The county was to furnish certain classes of materials and Robertson to furnish the labor, machinery and the remaining material.   As compensation Robertson was to receive rent on the machinery, be reimbursed for his expenditures and be paid 10 per cent commission on cost of construction.

Robertson filed sworn statements at the end of each month, showing the amount of his expenditures and the rental value of the machinery employed. Each estimate was examined and approved by Gaines as engineer, allowed by the fiscal court, and on its order a warrant issued therefor by the clerk, the final estimate being certified and allowance made August, 1914.   Robertson assigned the warrants to Frank McGrath, who paid him their face value.   McGrath presented the various warrants to the treasurer, who stamped them as interest bearing, and later paid them by check, the last being paid in December, 1914.

In November, 1919, the county of Jefferson brought this suit against Robertson and McGrath, alleging that in the final estimate made by Robertson and certified by Gaines it was stated that the total cost of material, labor and commissions due Robertson amounted to the sum

of $19,685.43; that Robertson had previously been allowed the sum of $18,150.30; that there was a balance due him of $1,535.13, and that upon this estimate it issued to him a warrant for the latter sum; whereas, in fact there had been allowed and issued to him warrants aggregating the total sum of $19,503.03, leaving the balance due him only $182.38; that thereby he was allowed $1,-352.75 more than was due him under the contract; that the warrant of $1,535.13 was assigned to and collected by Frank McGrath. At the time it issued that warrant it relied upon the statement in the estimate that Robertson had only been paid the sum of $18,150.30; but that said statement was untrue and was known by Robertson to be untrue or could have been so known to him by the exercise of ordinary care, and was made by him either fraudulently or by mistake, and that the allowance and payment of the warrant was a mistake on its part. It sought a settlement of the accounts, and a recovery of $1,352.75, with interest from the day the warrant was stamped interest bearing, September 4, 1914.

Robertson and McGrath filed separate answers; both traversed the allegations of the petition, relied upon the statute of limitations, pleaded that at the time of the final estimate the engineer Gaines undertook to make a final settlement of the accounts, and in so doing erred to the prejudice of Robertson in various ways indicated in the pleading, but that such settlement had been accepted and relied upon by the parties, and each was willing to abide by it.

These matters were traversed and proof taken. Gaines was dead at the time, and the lower court properly held the evidence of Robertson as to what occurred between him and Gaines inadmissible, and also held the evidence of certain accountants in explanation of the records to be immaterial. The remaining evidence consists chiefly of estimates, warrants and checks, with some proof as to why the error was not earlier discovered.

McGrath having died the action was revived against his executrix. The chancellor was of the opinion that the error occurred as claimed by the county and gave judgment in its favor against Robertson, but denied a recovery against McGrath's estate. The county appeals from the judgment in favor of McGrath's estate and Robertson appeals from the judgment against him. By

agreement the appeals have been considered together, but have not been consolidated.

The amounts allowed prior to the final estimate were as stated by plaintiff, $19,513.03, and it clearly appears that the amount thereof as stated in the final estimate, $18,150.30, was an error; it further appears that the allowance made for May work, $1,352.75, equals the discrepancy and it is strongly argued that the allowance for that month was in this respect erroneously omitted from the final estimate, and such seems to have been the case.

It is argued on the other hand that it is just as plausible to say that the entire estimate for the month of May, both debit and credit, was omitted from the final estimate, and that really there were other charges to the county which were so omitted.

In this regard it may be said that the various items are grouped under different headings in the final estimate from those appearing in the monthly estimates and it is difficult to trace them; but without going into a detailed explanation we have arrived at the conclusion that the estimate was erroneous in this respect to the extent of $1,352.75, and that the last warrant issued was to that extent without consideration.

"It is the settled rule in this state, adopted at an early date and followed by a long line of decisions, that whenever by a clear or palpable mistake of law or fact essentially bearing upon and affecting the contract, money has been paid without consideration, which in law, honor or conscience was not due and payable and which in honor or good conscience ought not to be retained, it may be and ought to be recovered." Supreme Council C. K. of A. v. Fenwick, 169 Ky. 269; Ky. Title Savings Bank v. Langan, 144 Ky. 46; Ray & Thornton v. Bank of Ky., 3 B. M. 510; Titus v. Rochester German Ins. Co., 97 Ky. 574; Gratz v. Redd, 4 B. M. 178; McMurtry v. Ky. Central R. R. Co., 84 Ky. 463.

The action would not lie if the payor discovered the mistake before payment, but such discovery is not claimed in this case, and on the above principle the judgment as to Robertson must be affirmed unless the cause of action was barred by the statute of limitations. The five-year statute was pleaded and controverted, but there was no replication indicating the time the discovery was made and the statute will be computed from the time the mistake occurred. Baker v. Begley, 155 Ky. 234; Woods v.

James, 87 Ky. 511; Cavanaugh v. Britt, 90 Ky. 273; German Security Bank v. Columbia Finance & Trust Co., 27 Rep. 581.

Naturally the question turns on whether the cause of action arose at the time of the execution and delivery of the warrant, or arose at the time of payment of the warrant to McGrath. The general rule is that a cause of action to recover money paid by mistake arises at the time of payment. Nave v. Price, 108 Ky. 105; Biggs, &c. v. Lex. & B. S. R. R. Co., 79 Ky. 470; Morris v. McDonald, 196 Ky. 716; case note 11 L. R. A. (N. S.) 1191. This is based on the principle that the payor is not injured before payment; there being no injury there is no cause of action, consequently the statute cannot start running. But the rule will not fit the facts of this case. Here there was a running account, a settlement and an order of court allowing the claim for that balance and a warrant issued therefor; later a payment thereof, and this is a suit to settle those accounts, to correct the error made at that time and to recover the amount erroneously included in the warrant on the ground of mistake.

If a mistake existed the county was prejudiced at the time of settlement and the issuing of the warrant. It is uniformly held that a suit will lie to cancel a county warrant. Andrews v. Pratt, 44 Cal. 309; Comr. Court v. Moore, 53 Ala. 25; Converse Bridge Co. v. Geneva County, 168 Ala. 432; Webster County v. Taylor, 19 Iowa 117; Pulaski County v. Lincoln, 9 Ark. 320; Weaver v. Cherry, 8 Ohio State 564; Town of Glastonbury v. McDonald, 44 Ver. 450.

It therefore clearly appears that without making the payment the county could have had a suit for cancellation or reformation of the warrant in which the errors cited may have been corrected. The remedy of reformation that existed from the start would not preclude a suit to recover payment made by mistake, the latter being based on the idea that discovery of the mistake was not made before payment; but both are actions for affirmative relief; both are based on the same transaction and where two rights of action are given, the remedies accruing at different times, the statute begins to run from the time the right to pursue the first remedy accrued. Parmlee v. Price, 105 Ill. Appeals 271; Willus v. Albrecht, 100 Minn. 436; Conklin v. Furman, 48 N. Y. 527. "There are not two periods of limitation,

one for each form of action; there is but one period of limitation for both actions." Cottrell v. Manlove, 58 Kan. 409.

To further illustrate, if Robertson had brought an action for reformation and for a recovery of a sum in addition to the amount of the warrant, it must be conceded that his cause of action accrued at the time the settlement was made and warrant issued. From this it logically follows that if the same transaction gave rise to a separate action in favor of each party, that those actions would have accrued at the same time and that the remedy afforded by the statute of limitations would be reciprocal.

It thus appears that the county had its election of remedies and it could either bring an action for affirmative relief against which the statute would run, or it could wait and rely on the mistake as a matter of defense against which the statute would not run. It paid the warrant before the discovery of the defense, but this did not stop the running of the statute as against affirmative relief, and as more than five years had elapsed from the time its cause of action first accrued before the filing of this action, the statute presents a bar to its recovery.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.