## Broaddus and West v. Jackson, et al.

(Decided October 26, 1926.)

### Appeal from Estill Circuit Court.

1. Vendor and Purchaser.—Money paid by mutual mistake for supposed quantity of land which did not exist may be recovered in assumpsit, though there has been no eviction.
2. Vendor and Purchaser.—Where by mutual mistake payment was made for more land than was transferred, and land was purchased by lineal foot, rule that discrepancy must be 10 per cent to recover damages does not apply.

RIDDELL & SHUMATE for appellants.

GRANT E. LILLY for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In a suit by the vendee to recover the value of an alleged deficit in a town lot it is stated in the petition as amended that the defendants sold and conveyed to the appellants by deed of general warranty a piece of land in Irvine:

"Beginning at the intersection of High and Cross streets, now Broadway; thence running westerly with the line of Broadway 66 feet to the intersection of the lot conveyed to Christopher Brothers; thence northward with the line between Christopher Brothers and Mrs. Jackson to the line of High street;

and thence with the line of High street to the point of beginning.''

It is further alleged that the property was not sold by the boundary but by the front foot at the rate of $100.00 per lineal foot abutting on Broadway; that by mutual mistake it was estimated that there were 66 feet of such frontage and that plaintiffs actually paid $6,-600.00 therefor, when in fact there were only 63.8 feet fronting on said street, the entire lot forming a rectangle; that thereby appellants overpaid defendants the sum of $220.00; that there was no consideration for this and for it they sought judgment. The court sustained a demurrer to this pleading and upon failure to plead further dismissed the petition. Plaintiffs appeal.

The court's ruling appears to have been based upon the theory that the action was brought on a breach of covenant of general warranty and could not be maintained until after eviction. In this the court was in error. This suit is based on an entirely different principle. The title to the land actually conveyed is not questioned, hence there has been no breach of warranty and the question of eviction is not involved. But it is sought to recover money paid by mutual mistake for a supposed quantity of land which did not exist. In such cases recovery may be had in assumpsit upon an implied contract to refund money paid as the result of the mutual mistake. Morris v. McDonald, 196 Ky. 716; Briggs, &c. v. Lexington & Big Sandy R. R. Co., 79 Ky. 470; Nave v. Price, 108 Ky. 105.

It is true that the deficit is less than ten per cent of the total frontage, but it is specifically alleged that the land was purchased not by the boundary but by the lineal foot abutting on Broadway at the rate of $100.00 per foot. In such a case the rule holding that the discrepancy must be as much as ten per cent in order to recover damages does not apply. Morris v. McDonald, supra.

We do not deem the other questions raised by counsel for appellees of suffcient merit to justify discussion. It follows that the petition as amended stated a cause of action and the court was in error in sustaining a demurrer thereto.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.