## Bituminous Casualty Exchange v. Ford-Elkhorn Coal Company.

(Decided April 22, 1932.)

V. C. McDONALD for appellant.

GIFFORD & STEINFELD for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

Appellee brought this suit against appellant to recover $664.03, less a credit of $48, on the ground that it was money paid by mistake. The defendant filed a general demurrer to the petition which was overruled. It then filed an answer; the case was heard on the merits, and judgment was entered for the plaintiff. The defendant appeals. The evidence heard on the trial is not brought up, and the only question made on the appeal is that the court erred in overruling the defendant's demurrer to the petition.

Briefly stated the facts alleged in the petition are these: On November 12, 1926, the plaintiff was operating a coal mine at Robinson Creek, Ky., and on that date the defendant executed to plaintiff its contract of insurance by which it agreed to indemnify plaintiff against loss by reason of liability imposed on it on account of injuries to employees in the mine; by the policy it was provided that the premium would be based on the entire remuneration earned by plaintiff's employees at the rate of $6.03, for each $100 of such remuneration; a minimum payment of $125 was deposited in advance. The plaintiff continued the operation of the mine through the remaining part of November and through the month of December, 1926, and for each month the premium due was calculated as above stated; at the end of the year 1926 the plaintiffs ceased to operate the coal mine and leased it to the Universal Coal Company, a separate corporation, and that company operated the mine thereafter. The officers and employees of the plaintiff were under the impression that the policy protected the operator of the mine from loss by injury to its employees, and that the employees of the lessee were covered by the policy. Laboring under this mistake the plaintiff paid the premiums to the defendant for January, February, and March

on the number of employees in the mine on the basis above stated, amounting to $539.03. But the defendant, after paying one employee of the Universal Coal Company $48, declined to pay or consider the claim of any other employees of the Universal Coal Company and denied liability under the policy therefor. Upon the discovery of the mistake that had been made, under which it had paid the above sums, the coal company demanded the return of the money, and, this being refused, promptly brought this suit to recover the advance payment of $125, and the subsequent payment of $539.03, less the $48 which had been paid.

The only question made in the brief for appellant is stated in these words:

"In order to recover money paid under mistake it must be alleged in the petition that the mistake whether it be of fact or of law was a mutual mistake between the plaintiff and defendant and in the absence of such an allegation in the petition, said petition is fatally defective."

The rule in equity is that the court will not reform and specifically enforce a contract for mistake unless the mistake is mutual. The same rule is some times applied in equity where a contract has been executed and rescission is sought on the ground of mistake. See 21 C. J., p. 87, sec. 63, and cases cited. But that rule has no application to money paid by mistake without consideration. In Supreme Council v. Fenwick, 169 Ky. 269, 183 S. W. 906, 910, following a long line of cases, the rule in a case of this kind is thus stated:

"It is the settled rule in this state, adopted at an early date and followed by a long line of decisions, that whenever by a clear or palpable mistake of law or fact essentially bearing upon and affecting the contract, money has been paid without consideration, which in law, honor, or conscience was not due and payable, and which in honor or good conscience ought not to be retained, it may and ought to be recovered."

To the same effect is Robertson v. Jefferson County, 205 Ky. 479, 266 S. W. 27; Underwood v. Brockman, 34 Ky. (4 Dana), 309, 29 Am. Dec. 407, and cases cited.

The authority cited by appellant is Tucker v. Denton (Ky.), 106 S. W. 280, 32 Ky. Law Rep. 521, 15 L. R. A. (N. S.) 289. In that case a daughter, to secure her parents' release from a void contract, paid the holder of the contract $800, supposing the contract was enforceable. Judgment was directed in favor of the daughter for the recovery of the money. The court is unable to see that this case can be distinguished from that.

Judgment affirmed.