**Paul BUTTS et al., d/b/a A. C. Butts & Sons, et al., Plaintiffs-Appellees,**

v.

**CITY OF SOUTH FULTON, Defendant-Appellant.**

Court of Appeals of Tennessee, Western Section.

Dec. 14, 1977.

Certiorari Denied by Supreme Court May 15, 1978.

Elam, Glasgow, Tanner & Acree, Union City, for defendant-appellant.

Heathcock & Burcham, Union City, for plaintiffs-appellees.

T. MACK BLACKBURN, Special Judge.

This case involves the construction of a road by a municipality which interferes with the natural surface drainage causing water to back up to the injury of property on the higher level.

The plaintiffs own and operate a feed mill and grain storage business in South Fulton and have done so since 1946. This business is located east and south of Harris Fork Creek, a stream subjected to overflows in the spring and winter of each year. In 1973 the defendant, City of South Fulton, commenced the construction of a street known as Harris Road Extended running north and south some 900 feet in length. The construction was completed in 1974. This road is perpendicular to the natural flow of the flood and surface waters of Harris Fork Creek and surrounding areas.

In 1975, on March 12, March 28, and July 20, heavy rainfall occurred in this area resulting in flood damage to plaintiffs' property, and bringing about this suit. From a

judgment in favor of the plaintiffs, the defendant has appealed.

Appellants have made five assignments of error:

## I.

The Chancellor erred in awarding the judgment in favor of plaintiff Butts and in granting injunctive relief against the defendant . . .

## II.

There is no material evidence to support the findings and judgment of the Chancellor.

## III.

The evidence in this case preponderates against the findings and judgment of the Chancellor and in favor of a judgment for the defendant in all matters at issue.

## IV.

The Chancellor erred in his definition of a legal act of God, as applied to the facts in this case.

## V.

The Chancellor erred in declining to sustain the second defense . . . to the effect that the action . . . was barred by the application of the statute of limitations set forth in the provisions of Section 6–1012, Tennessee Code Annotated.

1. This case was tried before the Chancellor and extended over two days. The Bill of Exceptions contains nearly 600 pages and there were in excess of 60 exhibits filed. Immediately following the trial of the case, the Chancellor made his ruling along with an oral finding of facts in which he concluded the road should never have been built and that it impedes the "flow of water".

As pointed out by Judge Luke McAmis in *Dixon v. City of Nashville*, 29 Tenn.App. 282, 203 S.W.2d 178, "a wrongful interference with the natural drainage of surface water causing injury to an adjoining landowner constitutes an actionable nuisance".

The proof in this case shows that prior to the construction of Harris Road Extended, the appellee's property had never been flood or damaged by flood water. That while water had risen upon the property, it quickly drained off over the adjoining property to the west and caused no injury. That when this road was being constructed in 1973 at an elevated height of 3' to 4' above the land on the east side, the appellant was informed by the appellee orally, and by appellee's attorney by letter, that the lack of adequate drains could cause the water to back up on the appellee's property. Appellant agreed to install additional tiles under Harris Road Extended to carry off the water, but then failed to do so when the property owner to the west threatened to sue appellant if these additional drain tiles were put in and water was diverted over his property. Two smaller tiles were then placed next to a large tile at the extreme northern end of the road near the bridge across Harris Fork Creek.

There is evidence in the record showing that Harris Road Extended, as constructed, formed a dam which blocked the natural flow of water through and over the land to the west, and on two of the occasions when inordinate amounts of rain fell, the land to the east contained an accumulation of water to a height near the top of the road while the land to the west contained only rain water and no flooding.

The record contains extensive proof that the construction of Harris Road Extended in the fashion it was designed and built constitutes a nuisance, temporary and continuous in character, that interfered with the natural drainage of the area causing surface waters to accumulate and inundate the appellee's property to their damage.

We find no error in the Chancellor's decision awarding damages to the appellee and affirm this portion of the judgment.

2. The injunction issued by the trial court is as follows: "It is further ordered, adjudged and decreed by the Court that the defendant, City of South Fulton, shall be required to lower Harris Road Extended to the level of the adjacent land, or to install a pump or some other means and submit plans for getting rid of the water."

While mandatory injunctions are often used to abate a nuisance, the remedy is drastic and should be used only if no other adequate relief is available. See *Wilson v. Louisville and Nashville L.R. Co.*, 12 Tenn. App. 327, for a factual situation where the only adequate relief is a mandatory injunction.

In the instant case it is difficult to see how the lowering of Harris Road Extended to the level of the adjacent land would be of benefit. The proof shows that prior to the construction of this road the land upon which it was built was a drainage ditch. Merely to lower the level of the road would not restore the property to its original state.

The alternative to the lowering of the road in the order of the Court i. e., ". . . to install a pump or some other means and submit plans for getting rid of the water", places the trial court in a supervisory position over engineering concepts, designs and plans, something for which the court has no expertise nor any qualifications for so performing.

The trial court is an arbiter of conflicting positions between disputants. It is a passive forum with no power to investigate facts and it should never become a participant in the controversy which brought the matter to the court in the first instance.

The appellees have adequate remedies under the law without the use of a mandatory injunction. In addition to damages for the injury, as was the relief awarded in this cause, the property owner has the right to an action for inverse condemnation under appropriate sections of the Eminent Domain statutes. *Jones v. Cocke County*, 57 Tenn.App. 496, 420 S.W.2d 587.

3. Appellants contend the rainfall which occurred was an "Act of God" and they, therefore, cannot be held accountable for the damages caused thereby.

Any misadventure or casualty is said to be caused by the "Act of God" when it happens by the direct, immediate, and exclusive operation of the forces of nature, uncontrolled or uninfluenced by the power of man and without human intervention. It must be of such character that it could not have been prevented or escaped from by any amount of foresight or prudence, or by the aid of any appliances which the situation of the party might reasonably require him to use.

Had not Harris Road Extended been constructed as it was, and the natural flow of surface water continued as it always had, then the heavy rains of March and July and the resulting flood if such had occurred might reasonably have been called an "Act of God" in the legal sense and the appellant's assertion of non-liability could very well have been valid. Here, however, the features of the appellant's construction work was an intervening cause to the heavy and unusual rainfall, and prevented the run off of the fast flowing water. This factor was the proximate cause of the flooding of appellee's property and the damage incurred thereby. This, in effect, was what the Chancellor held and we agree with the finding.

4. The statute of limitations as set forth in Section 6–1012 T.C.A. does not apply to this case. Two relatively recent matters decided in this court answer fully appellant's contention in this respect and require no further examination herein.

In the case of *Dixon et al. v. City of Nashville*, supra, the court sitting en banc with the opinion written by the then presiding Judge Luke McAmis; and the case of *Kind et ux. v. Johnson City* (1970) 63 Tenn. App. 666, 478 S.W.2d 63, the Eastern Section of the Court with the opinion written by Judge Robert Cooper, now an Associate Justice of the Supreme Court, both discussed thoroughly the statute involved and held in factual situations such as the instant case, wherein the city created and maintained a nuisance continuous in character, the one year statute of limitations as set out in Section 6–1012 T.C.A. did not apply.

The awarding of damages to the appellee by the trial court is affirmed. The order issuing the mandatory injunction is re-

versed and the costs of the cause are taxed to the appellant.

MATHERNE and NEARN, JJ., concur.