Dennis ZOLLINGER, Plaintiff–Appellee,

v.

Marvin G. CARTER and wife Carol Sue Carter, Defendants–Appellants.

James W. SIEGFRIED,
Plaintiff–Appellee,

v.

Marvin G. CARTER and wife Carol Sue Carter, Defendants–Appellants.

Court of Appeals of Tennessee,
Eastern Section.

May 6, 1992.

Permission to Appeal Denied by
Supreme Court Aug. 24, 1992.

Samuel B. Miller, II, Johnson City, for defendants-appellants.

Jack M. Vaughn, Kingsport, for plaintiffs-appellees.

## OPINION

McMURRAY, Judge.

These cases have been consolidated for purposes of appeal. The issues are identical. For purposes of simplicity, the parties will be referred to as plaintiffs and defendants.

Generally stated, the plaintiffs allege that their residence was flooded and damaged because of a change in surface water drainage caused by the development of the adjoining properties by the defendant. Specifically, plaintiffs charge the defendants with having made a substantial change in the contours of the land, denudement of the land, construction of streets, buildings, sidewalks, driveways and other structures, all of which resulted in an increase of surface water runoff and consequently the flooding of the plaintiffs' lands.

The defendants in their answer denied the allegations of the plaintiffs and in addition asserted the defense of "Act of God." The case was tried before the court without a jury and the issues were resolved in favor of the plaintiffs and judgment was duly entered in favor of each. From this judgment, the defendants appeal.

The defendants present the following issues for our consideration.

1. To what extent, if any, does the approval of design plans for the drainage system, approval of construction of the drainage system, and acceptance of the drainage system by the City of Johnson City, Tennessee, as a municipal utility system for the public use and benefit, supersede or replace the liability of the defendants for subsequent drainage problems?

2. At what point does compliance with governmental regulations and engineering requirements meet the degree of due care necessary to avoid a finding of negligence in design and/or construction such that an intervening natural force (an "Act of God") is a superseding cause of injury?

3. Did the trial judge err in finding in favor of the plaintiffs where the preponderance of the evidence at trial was that the Defendants were not negligent in their design of the storm water drainage system for the Carter Crossing Subdivision as it tied in with the storm water drainage system in the trailer park and that in fact the cause of the flooding was either the acts of other third parties or an "Act of God."

In our review of the judgment of the trial court we are guided by Rule 13(d) of the Tennessee Rules of Appellate Procedure, i.e., unless otherwise required by statute, review of findings of fact by the trial court in civil actions shall be *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. *See also Hinkle v. Montgomery*, 596 S.W.2d 800 (Tenn. 1980).

Here, the trial court found "that the defendants owed a duty to the plaintiff in that said defendant diverted or caused to be diverted more water than normal onto plaintiffs' property and causing damage to same. ... that the defendants breached said duty in that the construction of Carter's Crossing Subdivision was carried out in such a manner as to cause flooding and property damage which was alleged by the plaintiff in his original cause of action; and that the plaintiffs' property would not have been flooded but for the construction of Carter's Crossing Subdivision and the lack of water and sediment control flowing off or about said subdivision due to the negligent design, construction, [and] denudement of the surrounding property."

The law regarding a change in natural drainage is well-settled in this jurisdiction. If the owner of higher lands alters the natural condition of his property so that surface waters collect and pour in concentrated form or in unnatural quantities upon lower lands, he will be responsible for all damages caused thereby to the

possessor of the lower lands. *See Tyrus v. Kan. City, Ft. S. & M.R. Co.*, 86 S.W. 1074, 114 Tenn. 579 (1905); *Gregory v. Jenkins*, 665 S.W.2d 397 (Tenn.App.1983); *Slatten v. Mitchell*, 124 S.W.2d 310 (Tenn.App.1938) and *Woodlawn Memorial Park of Nashville, Inc. v. L & N Railroad Co., Inc.*, 377 F.Supp. 932 (D.C.Tenn.1972).

■ It is equally well-settled that "a wrongful interference with the natural drainage of surface water causing injury to an adjoining landowner constitutes an actionable nuisance." *Butts v. City of South Fulton*, 565 S.W.2d 879 (Tenn.App.1977). *See also Dixon v. City of Nashville*, 203 S.W.2d 178 (Tenn.App.1946). Also a nuisance is "anything which annoys or disturbs the free use of one's property, or which renders its ordinary use or physical occupation uncomfortable." *Caldwell v. Knox Concrete Products, Inc.*, 391 S.W.2d 5 (Tenn.App.1964). Generally, a nuisance does not depend upon negligence although negligence may exist. The nuisance consists of the harmful effects or the danger of the thing. *See Llewellyn v. City of Knoxville*, 232 S.W.2d 568 (Tenn.App. 1950).

■ We are of the opinion and hold that approval of the design and acceptance of a drainage system by a municipality does not absolve a defendant from liability where it is demonstrated by a preponderance of the evidence that the injury would not have occurred but for the activities of the defendant. Such is the case here.

■ With regard to the "Act of God" defense, we are of the opinion that it is inapplicable to the case at hand. An "Act of God" is clearly defined in *Butts*, supra. In *Butts* it is said:

Any misadventure or casualty is said to be caused by the "Act of God" when it happens by the direct, immediate, and exclusive operation of the forces of nature, uncontrolled or uninfluenced by the power of man and without human intervention. It must be of such character that it could not have been prevented or escaped from by any amount of foresight or prudence, or by the aid of any appli-

ances which the situation of the party might reasonably require him to use.

In *Butts* as here, the features of the appellants' construction work were an intervening cause to the heavy and unusual rainfall. This factor was found by the trial court to be the proximate cause of the flooding of the plaintiffs' property and the damage caused thereby.

The evidence does not preponderate against the findings of the trial court and there is no reversible error of law. We, therefore, affirm the judgment of the trial court.

Costs of this appeal are taxed to the appellant. This cause is remanded to the trial court for enforcement of the judgments and collection of costs.

SANDERS, P.J. (E.S.), and FRANKS, J., concur.