| STATE OF TENNESSEE ON | ) | | |
|---|---|---|---|
| RELATION OF ERVIN SMITH, and | ) | Smith Chancery | |
| ERVIN SMITH, individually, | ) | No. 5668 | |
| | ) | | |
| Plaintiffs/Appellees, | ) | | |
| | ) | | |
| VS. | ) | | |
| | ) | | |
| L. B. FRANKLIN and ALEX | ) | Appeal No. | |
| RICHMOND, CITY OF CARTHAGE, | ) | 01A01-9710-CH-00546 | |
| TENNESSEE, a municipal corporation, | ) | | |
| MAYOR DAVID BOWMAN, | ) | | |
| | ) | | |
| Defendants/Appellants. | ) | | |

FILED

July 1, 1998

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### APPEAL FROM THE CHANCERY COURT OF SMITH COUNTY
### AT CARTHAGE, TENNESSEE

### HONORABLE C. K. SMITH, CHANCELLOR

Stephen L. Edwards, #3489
The Pilcher Bldg., Suite 100
144 Second Avenue, North
Nashville, Tennessee 37201
ATTORNEY FOR PLAINTIFFS/APPELLEES

Jack W. Robinson, Jr., #11656
230 4th Avenue No., 3rd Floor
P.O. Box 198888
Nashville, Tennessee 37219-8888

Jacky O. Beller, #3157
212 Main Street
P.O. Box 332
Carthage, Tennessee 37030

Derrick C. Smith, #13961
300 James Robertson Parkway
Nashville, Tennessee 37201-1107
ATTORNEYS FOR DEFENDANTS/APPELLANTS

**AFFIRMED IN PART,**
**REVERSED IN PART,**
**REMANDED.**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
WILLIAM B. CAIN, JUDGE

CONCUR IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

| | |
|---|---|
| STATE OF TENNESSEE ON | ) |
| RELATION OF ERVIN SMITH, and | )   Smith Chancery |
| ERVIN SMITH, individually, | )   No. 5668 |
| | ) |
|     Plaintiffs/Appellees, | ) |
| | ) |
| VS. | ) |
| | ) |
| L. B. FRANKLIN and ALEX | )   Appeal No. |
| RICHMOND, CITY OF CARTHAGE, | )   01A01-9710-CH-00546 |
| TENNESSEE, a municipal corporation, | ) |
| MAYOR DAVID BOWMAN, | ) |
| | ) |
|     Defendants/Appellants. | ) |

# O P I N I O N

The plaintiff, Ervin Smith, has appealed from the judgment of the Trial Court as to his rights in regard to an alleged public right-of-way on property adjoining plaintiff's land.

The original complaint was filed July 26, 1994. The amended complaint alleges the following pertinent facts:

Plaintiff owns property at 1120 North Main Street, Carthage, Tennessee. Adjoining the east (rear) boundary of said property there has been an alley, lane or right-of-way known as Franklin Lane or Negro Cemetery Lane, extending south to Smotherman Street. Defendants, Franklin and Richmond are the owners of land east of said lane. In the development of said land defendants have obstructed said lane with debris, have elevated the level of their land and have violated the City Zoning and Building Codes by construction on their property across the subject alley, lane or right-of-way.

The complaint prays for an injunction against obstructing the lane or alley, for a declaration that it is a public street or that plaintiff has an easement thereon, that the city be required to enforce its zoning regulations, and for damages and fees.

The answer of the City of Carthage and its mayor denies that Franklin Lane is a city street or that plaintiff is entitled to any relief from them.

The answer of Franklin and Richmond asserts that they are the owners of the disputed property and that they have not unlawfully used it. Said defendants pled the statutes of limitations, T.C.A. §§ 28-2-103, 105, 109, and 110, and denied that said defendants have attempted to make Franklin Lane a city street.

All defendants moved for summary judgment.

On October 16, 1996, the Trial Judge entered judgment providing:

> It is therefore ORDERED that the City's and Mayor's motion for summary judgment on the ground Plaintiff's claim for a writ of mandamus is premature is hereby denied.
>
> It is further ORDERED that Plaintiff's claims concerning zoning and the use of Alex Richmond's and L. B. Franklin's property for miniwarehouse or ministorage purposes is hereby voluntarily dismissed with prejudice as to all Defendants.
>
> It is further ORDERED that the Plaintiff's claims against the City of Carthage, Tennessee and Mayor David Bowman for damages, punitive damages, and attorneys' fees shall not be considered by this Court and are hereby transferred to Circuit Court.
>
> It is further ORDERED that the Motion for Partial Summary Judgment of Defendants Richmond and Franklin is granted as to the issues of easement by prescription and easement by necessity, and Plaintiff shall have no easement by prescription or easement by necessity.

On November 26, 1996, counsel for plaintiff moved to amend the judgment to allow $34,207.00 litigation expenses.

On December 21, the Trial Judge entered an order providing:

> It is hereby ORDERED, ADJUDGED AND DECREED that the public right-of-way heretofore known as Franklin Circle or Franklin Lane is a 50-foot right-of-way

from Smotherman Drive running northward along the easterly boundary line of the properties owned by David Lollar, Dr. David McDonald, Jerry Shores and plaintiff Ervin Smith, and continuing northwardly to, but excluding, the property taken by the State of Tennessee for the by-pass;

It is further ORDERED, ADJUDGED AND DECREED that a Writ of Mandamus shall issue to the defendant City of Carthage, Tennessee, and its mayor, defendant Mayor David Bowman, requiring said defendants to cure the blockage of the public right-of-way heretofore known as Franklin Circle or Franklin Lane by requiring defendants L. B. Franklin and Alex Richmond to unblock and open said right-of-way;

It is further ORDERED, ADJUDGED AND DECREED that defendants L. B. Franklin and Alex Richmond shall prevent the drainage from the fill area from going onto plaintiff's property and to cover the area in some manner, by grass or otherwise, to make it not look so unsightly;

It is further ORDERED, ADJUDGED AND DECREED that plaintiff have a recover from defendants L. B. Franklin and Alex Richmond the sum of ONE THOUSAND TWO HUNDRED SEVENTY-NINE AND 01/100 DOLLARS ($1,279.01), for which execution shall issue, if necessary.

It is further ORDERED, ADJUDGED AND DECREED that plaintiff have and recover from defendants L. B. Franklin and Alex Richmond the sum of FIVE HUNDRED DOLLARS ($500.00), but which shall be abated in full and stayed in the event said defendants either clean the mud off the concrete floor of plaintiff's basement or cause the mud to be cleaned. In the event defendants shall fail to do so, execution shall issue upon motion of plaintiff, if necessary.

It is further ORDERED, ADJUDGED AND DECREED that plaintiff shall recover no punitive damages from defendants L. B. Franklin, Alex Richmond, City of Carthage, Tennessee, and Mayor David Bowman.

It is further ORDERED, ADJUDGED AND DECREED that the costs of this cause are taxed one-half to the defendant City of Carthage, Tennessee, and one-half to defendants L. B. Franklin and Alex Richmond, for which execution shall issue, if necessary.

On April 29, 1996, the Trial Court awarded plaintiff judgment against the City of Carthage for $44,268.84 legal expenses.

The City filed notices of appeal from the judgment entered on April 29, 1997.

The City presents the following issues for review:

I.      Was mandamus the proper procedure for determining whether Franklin Circle had become a public right-of-way?

II.      Was it proper to award attorneys' fees to the prevailing party in a mandamus action?

III.      Was the amount of attorneys' fees awarded contrary to the evidence submitted in support of the award and the trial court's parameters for the fees it would allow?

IV.      Was it improper for the trial Court to deny the city's request for discovery regarding claimed attorneys' fees and a hearing regarding same?

Franklin and Richmond present the following issues:

A.      Whether the driveway in question is a public right-of-way.

B.      Whether the Chancellor erred in finding that the right-of-way is 50 feet wide.

C.      Whether the Plaintiff's claims for equitable relief (for himself and others) are barred because of laches.

D.      Whether the Plaintiff's claims relating to the driveway and the land in question are barred by applicable statutes of limitations.

E.      Whether Mr. Franklin and Mr. Richmond are responsible for the water and mud damage to the plaintiff's property in May, 1995.

Plaintiff presents the issues in the following form:

I.      Whether a writ of mandamus was the proper procedure for opening a blocked public right-of-way where the opponents denied it was a public right-of-way.

II.      Whether in an action for writ of mandamus it is lawful to award reasonable attorney's fees to the prevailing private citizen against the defaulting government.

III.      Whether the award of attorneys' fees in successful writ of mandamus action was reasonable and upon the proper procedure.

IV. Whether the claimed roadway in question was indeed a public right-of-way by virtue of implied dedication.

V. Whether the Chancellor erred in finding that the right-of-way was 50 feet wide.

VI. Whether the plaintiffs' claims for equitable relief are barred by the doctrine of laches.

VII. Whether the plaintiffs' claims for equitable relief are barred by applicable statute of limitations.

VIII. Whether the actions of abutting landowners, Franklin/Richmond, caused the water damages to the plaintiff's real property in May, 1995.

Plaintiff's brief does not discuss the differences between a public road which the public authority has accepted and obligated itself to maintain, a public easement or right-of-way which the general public has the right to use, and a private easement which belongs to a private person or is appurtenant to a particular tract of land.

Plaintiff insists that the lane in question became a public road by acquiscence of certain municipal officials, by their oral statements or acts of maintenance. There is no evidence that such acquiescence or action was committed by an official or body having authority to obligate the city to accept and maintain the subject way as an official city street. There is no evidence that the municipal legislative body or any other city official with authority to do so has so acted in respect to the subject lane.

A dedication is not a completed transfer of right or title. It is merely an offer which is inaffective and cancellable until accepted by the agency having the power to do so.

Since there is no evidence of authoritative acceptance, the City of Carthage has no duties or liabilities in regard to the subject lane.

All parts of the judgment of the Trial Court which impose responsibility or liability on the city are reversed.

Plaintiff next insists that the subject lane was a "public way," that is, an easement acquired by public use. There is no evidence that the subject lane has been used continuously by the public for the time necessary to create an easement by prescription. It is uncontradicted that the lane was completely blocked by heavy and dense vegetation until cleared by the defendants, Franklin and Richmond. Moreover, it is uncontroverted that former users of the lane now use an entirely different route. All parts of the judgment of the Trial Court which declare a public or private easement of the location and size urged by plaintiff are reversed.

The only other easement claimed by plaintiff is a drainage easement.

The occupant of a town lot or other lands, if injured in his possession by the obstruction of his natural drainage of surface water over the lower adjacent land, may recover damages for the injury done. *Carlin v. Aurin*, 103 Tenn. 555, 55 S.W. 940, 48 LRA 862, 76 Am. St. Rep. 699 (1899), *Talley v. Baker*, 3 Tenn. App. 321 (1926).

A wrongful interference with the natural flow of surface water from property on a higher elevation to and across lower adjacent property constitutes an actionable nuisance. *Zollinger v. Carter*, Tenn. App. 1992, 837 S.W.2d 613. *Kind v. Johnson City*, 63 Tenn. App. 666, 478 S.W.2d 63 (1970).

It is undisputed that the surface water on the land of plaintiff naturally flowed to and across the subject lane to and across the land of Franklin and Richmond until about mother's day, 1994, when Franklin and Richmond obstructed the subject lane with debris and raised the level of their land by filling, and that prior to the obstruction of the lane by debris and the raising of the level of the land of Franklin and Richmond by filling, plaintiff was never troubled by excessive surface water; but that, upon said obstruction and filling, his land and basement were flooded with surface water.

-7-

It is true that the construction of the "by pass" by the public authority produced a larger volume and concentration of surface water flow, but there is no evidence to show that this additional flow of water would have reached the plaintiff's premises if the lane has not been obstructed or the land of Franklin and Richmond had not been raised by filling. Plaintiff's suit, filed in July, 1994, was clearly within the statute of limitations.

The Trial Judge found that plaintiff suffered $500 damages by flooding and mud in his basement caused by the wrongful acts of the defendants, Franklin and Richmond, and rendered judgment against them therefor. The evidence does not preponderate against this part of the judgment which is affirmed. TRAP Rule 13(d). In event of future flooding, plaintiff retains the right to sue for recurrent damage. *Smith v. City of Covington*, Tenn. App. 1985, 734 S.W.2d 327.

There is no evidence to support the remainder of the judgment which is reversed and vacated. Costs of this appeal and of the Trial Court are taxed against the appellees, Franklin and Richmond.

The cause is remanded to the Trial Court for entry and enforcement of judgment in conformity with this opinion.

**AFFIRMED IN PART,
REVERSED IN PART,
REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
WILLIAM B. CAIN, JUDGE


CONCUR IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

-8-