**FILED**

**December 10, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:00 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| James McCaffery | ) Docket No. 2015-08-0218 |
| | ) |
| v. | ) |
| | ) State File No. 44676-2015 |
| Cardinal Logistics | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Amber E. Luttrell, Judge | ) |

---

### Affirmed and Remanded – Filed December 10, 2015

---

The employee truck driver in this interlocutory appeal sustained multiple injuries when the truck he was operating rolled over. The employee sneezed and lost control of the truck while negotiating a curve. Following an expedited hearing, the trial judge awarded medical and temporary disability benefits, concluding that the employee would likely prevail at trial in establishing that his injuries arose primarily out of his employment. The employer has appealed, asserting: (1) that the employee's injuries resulted from an idiopathic condition, (2) that the injuries resulted from an act of God, and (3) that the Employee's claim is barred by the imported risk doctrine. Both parties have filed motions on appeal, namely, a motion for attorney's fees and expenses for a frivolous appeal filed by the employee, and a motion filed by the employer to strike the employee's appellate brief as untimely. After a careful review of the record, we affirm the trial court's award of benefits and deny both motions filed on appeal.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Prairie A. Arnold, Chattanooga, Tennessee, for the employer-appellant, Cardinal Logistics

Jimmy Blount, Collierville, Tennessee, for the employee-appellee, James McCaffery

1

## Factual and Procedural Background

James McCaffery ("Employee") is a sixty-three-year-old resident of Shelby County, Tennessee, and has been employed as an over-the-road truck driver by Cardinal Logistics ("Employer") since 2009. On May 19, 2015, he was operating a truck for Employer and, while enroute from Fort Scott, Kansas to Memphis, Tennessee, he sneezed as he entered a curve on the highway, which caused him to veer off the road. Employee could not explain what caused him to sneeze. When he attempted to direct the truck back onto the highway he oversteered, causing the truck to roll over, which resulted in Employee's sustaining multiple injuries.

Employee immediately reported the accident to Employer, and he was instructed to go to the hospital. Emergency responders transported Employee by ambulance to CoxHealth South Hospital in Springfield, Missouri, where he was treated in the emergency department by Dr. Tommy Campbell and discharged the same day. Dr. Campbell prescribed medication and placed light-duty restrictions on Employee of no lifting, pushing, or pulling greater than five pounds, no forward bending, no stooping or kneeling, no power gripping, and no operating heavy equipment. The report of Dr. Campbell's examination stated that the light-duty restrictions were to remain in place until Employee was seen in follow-up. Employee subsequently called his manager of operations to inquire who he should see in follow-up. The manager of operations was uncertain where to send Employee and agreed Employee could seek treatment at Concentra Medical Centers ("Concentra") in Memphis.

On May 27, 2015, Employee was seen by Dr. John Goodfred at Concentra with complaints of a cervical strain, chest wall contusion, concussion, left-knee contusion, head contusion, lumbar contusion, and right-shoulder strain. Dr. Goodfred prescribed medication and physical therapy. A "Physician Work Activity Status Report" described the "Patient Status" as "No Activity – Returning for follow-up visit." Employee was seen again by Dr. Goodfred on June 3 and 10, 2015. Physician Work Activity Status Reports for both visits had the same "Patient Status" as the initial report, indicating "No Activity." Reports for both visits stated that Employee was "Returning for follow-up visit." The status report for the June 3, 2015 visit notes a referral "for MRI," but the record on appeal does not include any documentation suggesting that an MRI was performed. The last work status note, dated June 10, 2015, continued the restrictions of "no activity," including "no driving personal vehicle." It stated July 31, 2015 was the "Anticipated Date of Maximum Medical Improvement."

Employee last saw Dr. Goodfred on June 18, 2015. The report of that visit provides little information other than to restate Employee's complaints and identify his current medications. The record does not include a "Physician Work Activity Status Report" for the June 18, 2015 visit. Employee testified that Dr. Goodfred never returned him to full-duty work and told him not to drive at his last visit. Employee testified that

2

he contacted Employer on several occasions and asked if he could return to light-duty work, but Employer informed him there was no light-duty work available. Employer filed a Notice of Denial on June 16, 2015, stating as the basis for its denial that the "injury occurred due to an idiopathic condition (sneeze)."

Employee filed a Petition for Benefit Determination requesting medical and temporary disability benefits on June 24, 2015. Following unsuccessful mediation, Employee requested an expedited hearing, which was conducted on September 25, 2015. On October 28, 2015, the trial court issued an order granting medical and temporary disability benefits, concluding that Employee "came forward with sufficient evidence from which this Court can conclude he is likely to prevail at a hearing on the merits on the issue of compensability." The court ordered Employer to provide medical treatment for Employee's injuries causally related to the work accident, to pay the outstanding bills for Employee's reasonable and necessary medical treatment for those injuries, and to pay temporary disability benefits from the date of injury through the date of Employee's last visit with Dr. Goodfred on June 18, 2015. Employer timely appealed.

Following the filing of Employer's brief on appeal, Employee filed his brief along with a motion for expenses and attorney's fees, asserting the appeal is frivolous because the arguments advanced by Employer "are so contrary to the [applicable statutes and case law] that any reasonable Employer and its attorney should know that such arguments must fail." Employee additionally asserted the appeal "was taken solely for delay." Employer responded to the motion and simultaneously filed an objection and motion to strike Employee's brief on appeal, asserting Employee's brief was not timely filed.

**Issues**

Employer presents the following issues for review, which we have restated:

1. Whether Employee's injuries are idiopathic in nature.

2. Whether Employee's injuries resulted from an act of God.

3. Whether Employer's affirmative defense based on the "imported risk doctrine" bars Employee's recovery.

Two additional issues are presented by the motions filed on appeal: (1) whether the appeal is frivolous, and (2) whether Employee's brief on appeal should be stricken as untimely.

3

## Standard of Review

Resolving this appeal requires a review of the trial court's findings of fact and the conclusions drawn therefrom. "There shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). However, we review a trial court's conclusions of law de novo upon the record with no presumption of correctness. *See Hood v. Jenkins*, 432 S.W.3d 814, 822 (Tenn. 2013). A trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;

(B)    Exceed the statutory authority of the workers' compensation judge;

(C)    Do not comply with lawful procedure;

(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;

(E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

Initially, we address Employer's motion to strike Employee's brief as untimely. Rule 5.1 of the Appeals Board's Practices and Procedures provides that "[a] party opposing the appeal shall file a response . . . within five (5) business days of the filing of the appellant's brief or position statement." Employer's brief was filed on November 20, 2015. Employee's response was filed on December 1, 2015, which meets the requirements of Rule 5.1 only if November 27, the Friday after Thanksgiving, is not included in the calculation. Citing Tennessee Code Annotated section 15-1-101, which does not include the day following Thanksgiving as a state holiday, Employer contends the brief was untimely. However, as provided in Tennessee Code Annotated section 4-4-105(a)(1), the governor exercised his discretion to substitute the Friday after Thanksgiving for the Columbus Day holiday. State offices, including those of the Bureau of Workers' Compensation, were closed Friday, November 27, 2015. Accordingly, we find no merit in and deny Employer's motion to strike Employee's brief.

### *Whether Employee's Injuries Were Idiopathic*

Employer contends the claim should have been denied "because we are dealing with a noncompensable idiopathic injury." To be compensable under the workers'

4

compensation statutes, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(13) (2014). The term "injury" is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(13)(A) (2014).

"An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless 'some condition of the employment presents a peculiar or additional hazard.'" *Veler v. Wackenhut Servs.*, No. E2010-00965-WC-R3-WC, 2011 Tenn. LEXIS 78, at *9 (Tenn. Workers' Comp. Panel Jan. 28, 2011) (quoting *Shearon v. Seaman*, 198 S.W.3d 209, 215 (Tenn. Ct. App. 2005)). There is no dispute in this case that Employee was acting in the course of his employment when he sneezed and lost control of the truck. However, Employer denies that the injuries Employee sustained when the truck overturned arose primarily out of the employment. More specifically, Employer contends the injuries are the result of an idiopathic condition, namely, Employee's sneeze, which Employer asserts set in motion the chain of events resulting in Employee's injuries.

An injury that occurs due to an idiopathic condition is compensable "if an employment hazard causes or exacerbates the injury." *Phillips v. A&H Constr. Co.*, 134 S.W.3d 145, 148 (Tenn. 2004).[1] "Cause" in this context is not "proximate cause" as used in the law of negligence; rather, "cause" means that the accident originated in the hazards to which the employee was exposed as a result of performing his job duties. *Id.* at 150. Here, Employee's act of driving the truck in the course of the employment constituted a hazard incident to his employment, which not only increased the risk of injury to Employee, but was the immediate cause of Employee's injuries. *See Phillips*, 134 S.W.3d at 151. The focus is on the causal link between the employment and the accident or injury, rather than a causal link between the employment and the idiopathic episode. *Id.* Accordingly, "[i]f driving a vehicle is part of an employee's job, then it is certainly a hazard incident to the employment." *Phillips*, 134 S.W.3d at 152. For Employee to prove that his injuries primarily arose out of his employment, he must prove that driving

---

[1] In *Phillips*, the Tennessee Supreme Court noted that "[a]ny reasonable doubt as to whether or not an injury arose out of employment is to be resolved in favor of the employee," which is a principle that does not apply to injuries occurring on or after July 1, 2014. *Id.* at 150. However, the Supreme Court did not base its application of the principle that an injury due to an idiopathic condition is compensable if an employment hazard causes or exacerbates the injury on a remedial interpretation of the statute. Accordingly, reliance on the principle expressed in *Phillips* that an injury arising from an idiopathic condition is compensable if an employment hazard causes or exacerbates the injury is proper. *See McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

the truck caused or exacerbated his injuries, not that some condition of the work caused him to sneeze. *See id.* Thus, we find no merit in Employer's insistence that Employee's sneeze, regardless of whether it was idiopathic, precludes an award of benefits.

*Whether Employee's Injuries Resulted from an Act of God*

In conjunction with its earlier argument, Employer asserts "Employee's sneeze precipitated the chain of events leading to his alleged injuries, and the same constitutes a noncompensable Act of God." An act of God is "[a]n overwhelming, unpreventable event caused exclusively by forces of nature, such as an earthquake, flood, or tornado. The definition has been statutorily broadened to include all natural phenomena that are exceptional, inevitable, and irresistible, the effects of which could not be prevented or avoided by the exercise of due care or foresight." Black's Law Dictionary 34 (7th ed. 2001). "Any misadventure or casualty is said to be caused by the act of God when it appears by the direct, immediate, and exclusive operation of the forces of nature, uncontrolled or uninfluenced by the power of man and without human intervention." *Hames v. State*, 808 S.W.2d 41, 44 (Tenn. 1991) (quoting *Butts v. City of South Fulton*, 565 S.W.2d 879, 882 (Tenn. Ct. App. 1978)). Employer cites no authority to support its insistence that Employee's sneeze was an act of God, and we are aware of no authority for identifying a sneeze as an act of God. Thus, we are unpersuaded by Employer's assertion that Employee's injuries resulted from an act of God.

*Imported Risk Doctrine*

Finally, Employer asserts the "imported risk doctrine" as an affirmative defense to the compensability of Employee's claim, noting that the defense "is inexplicably intertwined with the Employer's idiopathic injury [and] Acts of God defenses." For the reasons that follow, we find no merit in Employer's insistence that Employee's sneeze was an imported risk that precludes Employee's injuries from arising primarily out of the employment.

First, Employer cites no cases or any other authority defining or addressing an "imported risk doctrine" as applied by any Tennessee court. Employer does cite *Jones v. Sonoco Products, Inc.*, No. 9, 1992 Tenn. Lexis 144, at *1 (Tenn. Feb. 24, 1992) in support of this defense. In *Jones*, the employee died from asphyxiation due to a piece of chewing gum that lodged in his throat while he was operating a forklift at work. The Court's opinion does not specifically address an "imported risk doctrine" or imported danger cases; rather, it analyzed whether the employee's accidental death arose out of the employment. The Court denied benefits, finding the employee's death by asphyxiation did not arise out of his employment because no rational connection existed between the duties required by the employee's work and his swallowing the gum, which resulted in his accidental death. *Id.* at *3, 7. "In other words, the chewing of gum was not a risk incident to Mr. Jones' employment." *Id.* at *7-8. The Court additionally stated, "[i]t is

not within the workers' compensation law if the injury is only coincidental, or contemporaneous, or collateral to the employment." *Id.* at *6.[2]

Here, as part of its "imported risk" argument, Employer contends that Employee's injuries were coincidental, contemporaneous, or otherwise collateral to his job as an over-the-road truck driver, and that his injuries did not arise out of a hazard or danger peculiar to the nature of his work. As stated above, the employment hazard in this case was Employee's driving the truck in the course of his employment, and this hazard was the immediate cause of Employee's injuries. Again, the focus is on the causal link between the employment and the accident or injury rather than whether there is a causal link between the employment and Employee's sneeze. It was neither coincidence that Employee was driving a truck at the time of the accident nor was his driving simply collateral to his work. Employee's injuries are inextricably tied to his truck driving duties.

In sum, Employer's emphasis on Employee's sneeze as the cause of his injuries is misplaced. Unlike in *Jones*, where the act of chewing gum directly caused the injury, Employee's sneeze, in and of itself, did not cause his injuries. It was the act of negotiating his truck through a curve on the highway that caused his injuries. Thus, we agree with the trial court that Employee came forward with sufficient evidence from which the court could determine that he is likely to prove at trial that his injuries arose primarily out of his employment as a truck driver.

### *Frivolous Appeal*

"When it appears to the appeals board that the appeal was frivolous or taken solely for delay, the appeals board may, either upon motion of a party or of its own motion, award damages, including reasonable attorney's fees, incurred by the appellee as a result of the appeal." Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2015); *see also* Tenn. Code Ann. § 50-6-225(e) (2014). Employee filed a motion for expenses and attorney's fees, asserting Employer's appeal is frivolous "because the arguments made by the Employer are so contrary to the [workers' compensation statutes and case law] that any reasonable Employer and its attorney should know that such arguments must fail." Additionally, Employee asserts that the appeal was taken solely for delay. We find no merit in either assertion and accordingly deny Employee's motion.

---

[2] "[Imported risk] cases, on the whole, confirm the basic rule that there must be some employment contribution to the risk when the initial source of harm is a distinctly personal danger. However, if the personal source of harm is not conspicuously dangerous, as in the case of food or clothing or perhaps even automobiles, there is some chance that the case will not be treated as one of imported hazard at all." Arthur Larson, Larson's Workers' Compensation Law, § 9.03 (2015).

## Conclusion

We conclude that the evidence does not preponderate against the trial court's findings of facts or the conclusions drawn therefrom. Additionally, we find that the trial court's order does not violate any of the standards identified in Tennessee Code Annotated section 50-6-217(a)(3) (2015). Therefore, the order is affirmed and the case is remanded to the trial court for any further proceedings that may be necessary.

**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**

8

**FILED**

**December 10, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:00 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James McCaffery | ) | Docket No. 2015-08-0218 |
| | ) | |
| v. | ) | |
| | ) | State File No. 44676-2015 |
| Cardinal Logistics | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 10th day of December, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Jimmy Blount | | | | | X | jimmy@blountfirm.com |
| Prairie Arnold | | | | | X | parnold@arnold-lawyers.com |
| Amber E. Luttrell, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov